UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Charles Murphy

        v.                              Civil No. 08-cv-224-JD

United States of America


O R D E R


    Petitioner, Charles Murphy, proceeding pro se, filed a
petition seeking relief under 28 U.S.C. § 2255.  The government
filed a motion to dismiss, arguing that the petition was untimely
filed and that Murphy's challenge based on the court's
consideration of certain sentencing factors cannot be grounds for
§ 2255 relief in this case.  Murphy failed to file an objection
to the government's motion, which was granted, and judgment was
entered accordingly.  Upon receipt of the court's judgment,
Murphy filed a motion to alter or amend the judgment on the
ground that he never received the government's motion to dismiss.
In addition, he argued that his § 2255 petition was timely filed.

    The government filed a "motion in response to petitioner's
motion," stating that a copy of the government's motion to
dismiss was mailed to Murphy and arguing that the petition was
untimely filed.  The government states, without citing authority
for the proposition, that judgment becomes final on the date it
was entered when the defendant does not file a direct appeal.

The government also contends that Murphy failed to certify that he used the prison mailing system to file his petition, which would deprive him of the benefit of Rule 3(d) of the Rules Governing Section 2255 Proceedings.

The court will accept that Murphy did not receive a copy of the government's motion to dismiss.  The government represents that it has now sent Murphy a duplicate of the motion.  Murphy addressed the issue of the timeliness of his petition in his motion to alter or amend judgment.  He did not address the government's challenge to that part of his petition, "Ground Three," that challenges his sentence, contending that the court gave improper weight to the sentencing factors in 18 U.S.C. § 3553(a).  Therefore, the court will consider the issue of timely filing, based on the parties' filings to date, and will give Murphy an opportunity to respond to the government's motion to dismiss "Ground Three."

Section 2255 provides, in pertinent part:  "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f).  Although the First Circuit does not appear to have addressed the issue, other courts have construed § 2255(f)(1), in the context of a petitioner who did not file a direct appeal, to

mean that the judgment of conviction becomes final after the ten-day time period for bringing a direct appeal has expired.  See Benitez v. United States, 521 F.3d 625, 629 (6th Cir. 2008); see also Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires.").

The judgment in Murphy's criminal case was entered on May 31, 2007, and Murphy did not file an appeal.  See United States v. Murphy, Crim. No. 05-cr-251-JD (Dkt. no. 72, May 31, 2007). The judgment became final on June 14, 2007, when the period for filing an appeal expired.  See Fed. R. App. P. 4(b)(1)(A) (providing ten days from entry of judgment to file appeal); Fed. R. App. P. 26(a)(2) (excluding intermediate Saturdays and Sundays).  The one-year limitations period under § 2255(f)(1) did not expire until June 14, 2008.  Therefore, Murphy filed his § 2255 petition on June 9, 2008, within the time allowed.  Rule 3(d) does not apply in this case.

### Conclusion

For the foregoing reasons, the petitioner's motion to alter or amend judgment (document no. 7) is granted.  The judgment entered on July 31, 2008, dismissing the case, is vacated.

The petition for relief under § 2255 was timely filed.  The

petitioner shall file his response to that part of the

government's motion to dismiss that challenges "Ground Three" of

his petition, **on or before September 25, 2008.**

SO ORDERED.

_Joseph A DiClerico. Jr._
Joseph A. DiClerico, Jr.
United States District Judge

September 9, 2008

cc:  Aixa Maldonado-Quinones, Esquire
     Charles Murphy, pro se