```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Charles Murphy

   v.                              Civil No. 08-CV-224-JD
                                        Opinion No. 2008 DNH 185

United States of America

### O R D E R

Petitioner, Charles Murphy, proceeding pro se, filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence ordered by the court in United States v. Charles Murphy, Criminal No. 05-cr-251-01-JD on May 30, 2007. Before the court is the government's motion to dismiss "Count Three" of Murphy's § 2255 petition which contends that the court gave improper weight to the sentencing factors in 18 U.S.C. § 3553(a).

### Background

On January 11, 2007, Murphy pled guilty to eight counts involving conspiracy to distribute, and distribution of, certain controlled substances. In the plea agreement, Murphy agreed not to appeal his conviction or sentence. Judgment was entered and he was sentenced to a term of 110 months for each count, to run concurrently. Murphy's sentence reflected, in part, the existence of prior convictions, a four-level downward departure,

and the lowest sentence available for his guideline range. On June 9, 2008, Murphy filed a § 2255 petition alleging four challenges to his sentence. Three of his challenges allege that he received ineffective assistance of counsel. His fourth challenge, "Ground Three," alleges that the district court improperly weighed the sentencing factors under 18 U.S.C. § 3553(a) and § 4B1.1 of the Sentencing Guidelines.

In response to Murphy's § 2255 petition, the government filed a motion to dismiss, arguing that the petition was untimely filed and that "Count Three" of Murphy's petition failed to allege grounds for § 2255 relief. Murphy failed to file an objection to the government's motion, which was granted, and judgment was entered accordingly. Upon receipt of the court's judgment, Murphy filed a motion to alter or amend the judgment on the ground that he never received the motion to dismiss, and he also argued that his § 2255 petition was timely filed. He did not address the government's challenge to "Ground Three" of his § 2255 petition.

The government responded that a copy of the motion to dismiss was mailed to Murphy and further argued that the petition was untimely filed. The court accepted Murphy's claim that he never received the motion to dismiss, and found that his petition was timely filed. Murphy's motion to alter or amend the judgment

2

was granted and the court vacated its order granting the government's motion to dismiss.  A September 25, 2008 deadline was set for Murphy to respond to the government's challenge to "Ground Three" of his § 2255 petition.  Murphy did not file a response within the deadline.

## Challenge to Sentencing

"Count Three" of Murphy's § 2255 petition contends that the district court erred by classifying him as a career criminal for purposes of sentencing.  He asserts that the court records from his prior convictions were inaccurate and not certified, and therefore, could not be used by the court to establish that he was a career offender under U.S.S.G. § 4B1.1.  He also claims that there was a disparity between his sentence and that of other defendants with similar records.  The government argues that these claims, which do not allege constitutional infirmities, may not be raised for the first time in a § 2255 petition.

Section 2255 provides that a prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

3

attack." 28 U.S.C. § 2255. "[T]he Supreme Court has narrowly confined the scope and availability of collateral attack for claims that do not allege constitutional or jurisdictional errors. Such claims are properly brought under § 2255 only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) quoting Hill v. United States, 368 U.S. 424, 428 (1962).

The First Circuit permits claims under § 2255 which collaterally attack a federal sentence only in limited circumstances. See, e.g., United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996) (allowed where petitioner sought reduction of federal sentence on ground that prior state convictions relied upon by court to enhance sentence were subsequently vacated by state courts). However, claims that the district court misapplied sentencing guidelines rarely can satisfy the "miscarriage of justice" standard and therefore, are generally "not cognizable under § 2255." Knight, 37 F.3d at 773; see, e.g., Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996); Scott v. United States, 997 F.2d 340, 341-42 (7th Cir. 1993). Further, absent "extraordinary circumstances," sentencing disparities between similarly situated defendants "does not rise

4

to the level of a miscarriage of justice."  <u>Diaz-Cruz v. United States</u>, 77 F.3d 460 (table), 1996 WL 84112, at *1 (1st Cir. 1996) (unpublished decision) ("[T]he general rule in this circuit is that it is not proper for a district court to depart from a guideline range in an effort to equalize the sentences of similarly situated defendants.").

 Murphy's challenge to his sentence in "Ground Three" of his § 2255 petition does not allege a constitutional or jurisdictional error and is therefore reviewed under the "miscarriage of justice" standard applied to nonconstitutional claims.  Under this standard, Murphy's claim under "Ground Three" of his petition does not warrant § 2255 review.  Murphy's allegation that the court erred in relying upon inaccurate prior convictions, without more, does not establish "a fundamental defect which inherently results in a complete miscarriage of justice."  <u>Knight</u>, 37 F.3d at 772.  Further, while Murphy alleges that defendants with similar backgrounds received shorter sentences than he, Murphy fails to allege any "extraordinary circumstances" surrounding the alleged disparities required for § 2255 review.  Moreover, Murphy's sentence reflects a four-level downward departure, and the lowest sentence available within his guideline range.  His challenge to his sentence in "Ground Three" of his petition, therefore, is not cognizable under § 2255.

<u>Conclusion</u>

For the foregoing reasons, the government's motion to dismiss (document no. 5) is granted as to "Ground Three" and is otherwise denied for the reasons stated in the court's order issued on September 9, 2008.  The court orders the United States Attorney to file an answer within sixty (60) days of the date of this order, which answer shall provide a detailed response, with appropriate references to the record when necessary, to grounds one, two, and four asserted by the petitioner.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 2, 2008

cc:  Aixa Maldonado-Quinones, Esquire
     Charles Murphy, pro se