```
           UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

<u>Charles Murphy</u>

   v.                                  Civil No. 08-cv-224-JD
                                      Opinion No. 2009 DNH 007
<u>United States of America</u>


                           O R D E R

     Petitioner, Charles Murphy, proceeding pro se, filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence ordered by the court in <u>United States v. Charles Murphy</u>, Criminal No. 05-cr-251-01-JD on May 30, 2007.  He claims that his counsel provided ineffective assistance during the pre-sentencing and sentencing process.  The government filed an objection to Murphy's petition.  Murphy filed a reply to the government's objection.


                         **<u>Background</u>**

     On November 16, 2005, Murphy was charged in an eight-count indictment with one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1); two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and five counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1).  Between December of 2005,

and October of 2006, three attorneys were appointed to represent Murphy, and each subsequently filed a motion to withdraw as counsel.  Two withdrew at Murphy's request.  On October 3, 2006, the court appointed Timothy Harrington as Murphy's third substitute counsel.  Harrington represented Murphy through sentencing.

On January 11, 2007, Murphy pled guilty to his eight-count indictment.  In the plea agreement, Murphy agreed not to appeal his conviction or sentence, and the government agreed not to oppose a two-level reduction of Murphy's adjusted offense level and to recommend the low end of the applicable sentencing guidelines.  Murphy also agreed in the plea agreement that he was completely satisfied with his attorney's advice and representation.

On March 9, 2007, Harrington filed a motion to withdraw upon Murphy's request and on the ground that Murphy refused to speak with him regarding his upcoming sentencing.  A hearing was held, and the court denied the motion to withdraw.  A sentencing hearing was held on May 30, 2007.  Murphy was given a total offense level of 25 and a criminal history category of VI, creating a sentencing range of 110 to 137 months imprisonment.

See U.S.S.G. Ch. 5, pt. A.[1]  Murphy was sentenced to a term of 110 months for each count, to run concurrently.  Murphy did not appeal his conviction or his sentence.

On June 9, 2008, Murphy filed a § 2255 petition alleging four challenges to his sentence.  Three of his challenges alleged that he received ineffective assistance of counsel and his fourth challenge alleged that the district court improperly classified him as a career criminal for purposes of sentencing.  The government filed a motion to dismiss, arguing that Murphy's petition was untimely and that his challenge to his classification as a career criminal failed to allege a ground for relief under § 2255.  The court denied in part and granted in part the government's motion, finding that Murphy's petition was timely filed but that his challenge to his sentence was not cognizable under § 2255.  Before the court, therefore, are Murphy's remaining claims for ineffective assistance of counsel.

## Standard of Review[2]

---

[1] The 2006 edition of the Sentencing Guidelines was applicable to Murphy at the time of his sentencing.

[2] Murphy cites Haines v. Kerner, 404 U.S. 519 (1972) in his reply to the government's objection and asks that the court liberally construe his § 2255 petition, given that he is pro se.  The court is aware of this principle and has kept this in mind in its review of Murphy's petition.

Under 28 U.S.C. § 2255, a prisoner serving a sentence imposed by a federal court who is

> claiming the right to be released upon the ground that the sentence was imposed in violation of the laws of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Once a petitioner requests relief under § 2255, the court must grant an evidentiary hearing unless the petitioner's motion "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Carey v. United States, 50 F.3d 1097, 1098 (1st Cir. 1995); see Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007). In the absence of an evidentiary hearing, the petitioner's allegations of fact are to be taken as true, "unless those allegations are merely conclusory, contradicted by the record, or inherently incredible." Owens, 483 F.3d at 57 (quoting Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002)) (internal quotation marks omitted).

## **Discussion**

Murphy claims that his counsel made several errors at his sentencing, constituting ineffective assistance of counsel.

Specifically, he contends that his counsel failed to: (1) review his presentence investigation report ("PSR") with him, (2) make specific objections to the PSR, and (3) assert mitigating factors to reduce his sentence. To prevail on a claim of ineffective assistance, a petitioner must show both that counsel's "representation fell below an objective standard of reasonableness" and "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

A.   Review of PSR

Murphy claims that his counsel failed to review the PSR with him, **that there were portions which he did not understand which his counsel refused to explain**, **and that he pointed out errors in the PSR which his counsel refused to acknowledge**. Murphy also claims that he did not have adequate time to review the PSR before sentencing. Murphy's claims are belied by the record.

Murphy received a copy of the PSR on March 16, 2007, a month and a half before his sentencing hearing on May 30, 2007, providing him and his attorney with more than enough time to review the PSR. Evidence of Murphy's review of his PSR is found in a March 30, 2007, letter submitted by his counsel, Harrington,

5

to the probation officer, which cites eleven objections and corrections Murphy wished to make to the PSR.  These objections and corrections were all addressed by the probation officer, and many were resolved in Murphy's favor.  Further, the court asked Harrington at the sentencing hearing whether he reviewed the PSR with Murphy, and he replied that he had and that Murphy objected only to a two-point enhancement for a criminal trespass conviction.[3]  Murphy was present at his sentencing, did not object to his counsel's statement, and stated to the court that he had nothing further to add.  Murphy has failed to show, therefore, that his counsel's representation fell below an objective standard of reasonableness because his claims that Harrington failed to review the PSR with him and that he had inadequate time to review the PSR are contradicted by the record.

B.   <u>Objections to PSR</u>

Murphy contends that his counsel failed to object to that portion of the PSR which listed his prior convictions for purposes of classifying him as a career criminal.  Specifically, he claims that the PSR should have counted two burglary convictions as one conviction because they were related, as

---

[3]The court struck the two points.

defined in the Sentencing Guidelines, and that all of his state-court convictions were invalid.

A defendant is classified as a career offender if the instant offense involves a felony that is a crime of violence or a controlled substance offense, if the defendant is at least eighteen years old at the time of the instant offense, and if the defendant has "at least two prior felony convictions of . . . a crime of violence." U.S.S.G. § 4B1.1. The term "crime of violence" includes the burglary or attempted burglary of a dwelling which is "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(a) and Commentary, Note 1 (noting that "crime of violence" includes the offense of "attempting to commit such offenses").

The term "two prior felony convictions" requires that "the sentences for at least two of the . . . convictions are counted separately." U.S.S.G. § 4B1.2. "Prior sentences imposed in unrelated cases are to be counted separately." U.S.S.G. § 4A1.2(a)(2). "[P]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." Commentary, § 4A1.2, Note 3.

The PSR classified Murphy as a career offender based on two prior burglary convictions. The PSR indicates that Murphy was sentenced on April 12, 1994, in a New Hampshire state court for a burglary committed on May 11, 1991, and, on the same day, in a different state court for a burglary committed on November 25, 1992. The court need not determine whether these two burglaries are considered related.[4] Even if the burglary sentences were treated as a single prior felony conviction, Murphy had another conviction on his record which constitutes a prior felony conviction of a crime of violence.

On August 16, 1993, Murphy was sentenced in a state court to two and one half to five years imprisonment for an attempted burglary of a residence committed on April 12, 1991.[5] Murphy therefore had at least two prior felony convictions for crimes of violence and he was properly classified as a career offender for

---

[4] Effective November 1, 2007, the Sentencing Guidelines were amended to provide "that two prior convictions are counted as one if the resulting 'sentences were imposed on the same day.'" United States v. Godin, 522 F.3d 133, 134 (1st Cir. 2008) (quoting U.S.S.G. § 4A1.2(a)(2) (2007)). This amendment, however, was not made retroactive, see id. at 134-35, and therefore, does not apply to Murphy's sentence.

[5] His sentence was initially deferred for one year and he was placed on probation. A violation of probation was filed in April 1994. Murphy pled guilty, his deferred sentence was called forward, and he was sentenced to fifteen months to five years imprisonment.

purposes of sentencing.  His counsel was not ineffective for failing to object to that portion of Murphy's PSR which listed the two burglaries as separate convictions, because even if the objection had merit, it would not have altered Murphy's classification as a career criminal.

Murphy also argues that his state-court convictions used to determine his criminal history were invalid and that his counsel failed to research and present this argument at his sentencing. As a general rule, a defendant sentenced as a career offender may not "attack the validity of previous state convictions used to enhance his federal sentence" through a motion under § 2255 "on the ground that his prior convictions were unconstitutionally obtained." Daniels v. United States, 532 U.S. 374, 376 (2001). A defendant is provided several opportunities to challenge the constitutionality of a state-court conviction.  If "a prior conviction has not been set aside on direct or collateral review" at the time the defendant is sentenced in federal court, the prior "conviction is presumptively valid and may be used to enhance the federal sentence." Id. at 382.  A defendant may, however, challenge a prior conviction if it was obtained in violation of his right to counsel. Id.

At the time of Murphy's sentencing, none of the prior convictions listed in the PSR had been set aside, and he does not

9

argue that any were obtained in violation of his right to counsel.  His prior convictions were therefore presumptively valid, and the assistance of his counsel was not ineffective for failure to challenge them.

C.  Mitigating Factors

Murphy contends that his counsel failed to raise the following points at his sentencing which could have reduced his sentence: he had been employed at the same job for years, he had stayed out of trouble with the law for ten years, and the similarities his case shared with his codefendants' cases, in which one codefendant was sentenced to sixty months imprisonment.[6]  The record shows, however, that Murphy's counsel made each of these arguments during the sentencing proceeding.

Murphy's counsel argued for a sixty month sentence and made several arguments to support the requested sentence.  He stated that Murphy had been sober and drug-free for twelve years, that this was his only drug possession or distribution offense, and

---

[6] Murphy also argues, in his reply to the government's objection, that the court engaged in gender bias in sentencing him to a term which was longer than his codefendants.  He also makes several additional arguments in his reply regarding specific mitigating factors which he alleges his attorney failed to raise. The court will not review these claims because Murphy did not include them in his § 2255 petition.

10

that he had engaged in no criminal activity for ten years prior to this offense. He talked about Murphy's commitment to his wife and two young children, and that he had obtained a union job and was able to purchase a home during his sobriety. Further, Murphy's counsel submitted letters to the court from Murphy's parents and brother, which also discussed the above factors.

Murphy's counsel also made the court aware of the similar cases involving codefendants Lisa Fellows ("Fellows") and Kelly Guay ("Guay"). At the time of Murphy's sentencing, Fellows had not yet been sentenced, and Guay had pled guilty to three counts of distribution of cocaine base and was sentenced to sixty months imprisonment. Before his sentencing, Murphy's counsel filed a motion requesting a copy of Guay's sealed PSR for purposes of comparing her case and sentence with Murphy's. The court denied this request, but ordered that a copy of the unsealed portion of the sentencing transcript in Guay's case be provided to Murphy. At Murphy's sentencing, his counsel argued that Guay's case was related, that Guay was also classified as a career criminal, and that her sixty-month sentence should be considered by the court in sentencing Murphy. Murphy's counsel also mentioned Fellows's case as similar, although she had not yet been sentenced.

Murphy's allegations that his counsel failed to make arguments which could have reduced his sentence are contradicted

by the record.  Murphy has therefore failed to show that he received ineffective assistance from his counsel on this point. Because all of Murphy's claims are conclusively refuted by the record, his § 2255 petition is therefore denied without a hearing.

## Conclusion

For the foregoing reasons, the petitioner's motion (document no. 1) is denied.  The clerk shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

January 14, 2009

cc:  Aixa Maldonado-Quinones, Esquire
     Charles Murphy, pro se